THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:22-cr-00029-MR-WCM

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **ROBERT MARTIN YORKMAN,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendant's letter, which the Court construes as a motion for early termination of the term of supervised release. [Doc. 2].

The Defendant Robert Martin Yorkman pled guilty in the United States District Court for the Western District of Texas to one count of conspiracy to distribute and to possess within intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On August 23, 2010, that Court sentenced the Defendant to a term of 216 months' imprisonment and five years of supervised release. [Doc. 1-2 at 2-3]. The Defendant's term of imprisonment was subsequently reduced to a term of 173 months pursuant to 18 U.S.C. § 3582(c)(2). [Doc. 1-3]. The Defendant began his

term of supervised release on February 8, 2022. [See Doc. 1]. On April 7, 2022, jurisdiction was transferring to this District. [See id.]. The Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 2].

In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). While the Court finds the Defendant's rehabilitative efforts to be commendable, the Defendant has served only two years of a five-year term of supervised release. The Court finds that additional time under supervision would be beneficial to the Defendant. Accordingly, the Court declines to exercise its discretion to terminate the Defendant's term of supervised release at this time. The Court would entertain another motion for early termination after the Defendant has completed three years of supervised release.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 2], which the Court construes as a motion for early termination of the term of supervised release, is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

The Clerk is directed to serve a copy of this Order on the Defendant, counsel for the Government, and the United States Probation Office.

**IT IS SO ORDERED.**

Signed: February 23, 2024

Martin Reidinger
Chief United States District Judge